UNITED STATES, Defendant in Error, *v*. CARPENTER, Plaintiff in Error.

**Criminal Law — Conspiracy — Indictment — Sufficiency.**

　　An indictment for conspiracy to defraud under § 5440, U. S. R. S., alleged that the defendants R., C. and H. on the 28th day of March, 1882, at Sioux Falls, Dakota Territory, within the jurisdiction of this court, did conspire, combine, confederate and agree together, with intent to defraud some person to the grand jurors unknown, unlawfully to falsely make, forge and counterfeit a certain obligation and security of the United States,

known as a certificate of deposit with the assistant treasurer of the United States on account of the appropriation for surveys of the public lands; that the said H., together with the said persons in execution of the last-mentioned premises, and in pursuance of, and to effect the object of said conspiracy, combination and agreement between themselves, afterward, on the 6th day of April, 1882, at said place, did unlawfully and with intent to defraud some person to the grand jury unknown, falsely make a certain paper and writing in words and figures following: [This is an assignment of the certificate by George Beeker, the payee thereof. As to the form and sufficiency of this for the purpose intended, no question is made.] Which said paper and writing was then and there intended by the defendants to falsely represent and purport to be a written assignment by George Beeker of a certain pretended obligation and security of the United States; that afterward on said 6th day of April, 1882, at said place, the said C., in pursuance of and to effect the object of the conspiracy aforesaid, did falsely and fraudulently and with intent to defraud some person to the grand jurors unknown, paste and attach the paper and writing aforesaid to and upon a certain falsely made, forged and counterfeited obligation and security of the United States, which said falsely made, forged and counterfeited obligation and security was then and there in writing and as follows, to-wit: [The certificate of deposit is here given. Its sufficiency is not questioned], contrary, etc. *Held,* that the indictment did not state facts sufficient to constitute an offense.

(Argued and determined at the October Term, 1889.)

ERROR to the district court, second judicial district; Hon. A. J. EDGERTON, Judge.

The plaintiff in error, Edwin E. Carpenter, was indicted for conspiracy to defraud the United States in issuing what was known as land scrip under the laws as to surveys of public land. The only question presented to this court was the sufficiency of the indictment.

After a jury had been impaneled in the case, and the prosecution was proceeding to offer testimony, Carpenter, the defendant below, objected to the introduction of any proof under the indictment, on the ground that it did not state facts sufficient to constitute a public offense. The court overruled the objection and the defendant excepted. At the close of the testimony for the prosecution the same objection was again made and denied. The defendant offered no evidence. The case was submitted to the jury under instructions by the court, and a verdict of guilty was returned. A motion for a new trial, and one in arrest of judgment were made and overruled, and after the entry of final judgment, the defendant sued out this writ.

The indictment (using the initial letters of the names of the other defendants) was as follows :

The grand jurors of the United States in and for the said Second Judicial District and Territory of Dakota, inquiring in and for the body of said district of all crimes and public offenses against the laws of the United States committed and triable in said district, having been first duly and legally impaneled, charged and sworn according to law, upon their oaths present : That on the 28th day of March, in the year of our Lord one thousand eight hundred and eighty-two, at the town of Sioux Falls, in the said Second Judicial District and Territory of Dakota, and within the jurisdiction of this court, one R., late of said district and territory, and one C., late of said district and territory, and one H., late of said district and territory, and one Edwin E. Carpenter, late of said district and territory, being persons of evil minds and dispositions, together with divers other evil-disposed persons whose names are to the grand jurors as yet unknown, unlawfully and wickedly did conspire, combine, confederate and agree together, with intent to defraud some person to the grand jurors unknown, unlawfully to falsely make, forge and counterfeit a certain obligation and security of the United States, known as a certificate of deposit, with the assistant treasurer of the United States, on account of the appropriation for surveys of public lands, which said obligation and security is hereinafter set forth in words and figures. And the grand jurors aforesaid, upon their oaths aforesaid, do further present : That the said H., together with the said evil-disposed persons, in execution of the said last-mentioned premises and in pursuance of, and to effect the object of the said conspiracy, combination and agreement between and amongst themselves as aforesaid, afterward, to-wit : on the sixth of April, in the year of our Lord one thousand eight hundred and eighty-two, at the town of Sioux Falls, in said district and territory, and within the jurisdiction of this court, did unlawfully, and with intent to defraud some person, to the grand jurors unknown, falsely sign and write the words "George Beeker," and the word "Sept." and the word "Nov." and the figures "2" and "20" to and upon a certain paper and writing, which said paper was then and there in the printed and written words and

figures following, to-wit: For value received, I, George Beeker, to whom the attached duplicate certificate of deposit No. 77, issued on the 2d day of Sept. A. D., 1881, by assistant United States Treasurer at..........was issued............I hereby sell and assign unto........................of............ county and state of.................. .and to his heirs and assigns forever, the said certificate of deposit with all the benefits to be derived therefrom.

Attest:                                            GEORGE BEEKER (*Seal*).

STATE OF LA.,  }
                        } *ss.*
*County of De Seta,* }

On this 20th day of November, A. D. 1881, before me came George Beeker to me well known, and acknowledged the foregoing assignment to be his act and deed. I certify that said George Beeker is the identical person to whom the attached certificate of deposit was issued, and that he executed the foregoing assignment thereof.

{ James E. Clark,  }                        J. E. CLARK,
{   Notary Public,  }
{      Louisiana.    }                              *Notary Public.*

Which said paper and writing was then and there intended by said defendants, together with said evil-disposed persons, to falsely represent and purport to be a written assignment made by one George Beeker of a certain pretended obligation and security of the United States, hereinafter more fully set forth in words and figures. And that afterward, to-wit: On the sixth day of April, in the year of our Lord one thousand, eight hundred and eighty-two, at the town of Sioux Falls, in said district and territory, and within the jurisdiction of this court, the said C., in pursuance of, and to effect the object of the conspiracy aforesaid, did falsely and fraudulently, and with intent to defraud some person, to the grand jurors unknown, paste and attach the paper and writing aforesaid to and upon a falsely made, forged and counterfeited obligation and security of the United States, which said falsely made, forged and counterfeited obligation and security of the United States was then and there in the written and printed words and figures following, to-wit:

VOL. 6, DAK.—38

No. 77.        OFFICE OF ASSISTANT TREASURER, U. S., }
                    NEW ORLEANS, LA., *Sept.* 2, 1881.   }

*I CERTIFY That* GEORGE BEEKER has deposited One Hundred and Eighty-six Dollars with the Assistant Treasurer of the United States, on account of appropriation surveys for lands in Town 16, Range 24, for which I have signed triplicate receipts. BENJ. F. FLANDERS (*seal*), *Assistant Treasurer*, U. S.

$186.

Contrary to the form of the statute of the United States in such cases made and provided, and against the peace and dignity of the United States. Hugh J. Campell, U. S. Attorney.

*Gamble Bros.*, for plaintiff in error.

The certificate set out is not within the meaning of section 5413, R. S. This was the last section of chapter 172, act of June 30, 1864, and is to be construed with that act. There is, then, no offense charged against the United States. U. S. v. Payne, 22 Fed. Rep. 726; U. S. v. Sauche, 7 id. 715; U. S. v. Watson, 17 id. 145.

The acts charged as effecting the objects of the conspiracy are insufficient. U. S. v. Hirsch, 100 U. S. 34; U. S. v. Watson, *supra;* U. S. v. Milner, 36 Fed. Rep. 890; U. S. v. Babcock, 3 Dill. 581; U. S. v. Goldberg, 7 Biss. 175; § 355, C. C. Pro.; § 227, Pen. C.; U. S. v. Cruikshank, 92 U. S. 542; U. S. v. Walsh, 5 Dill. 61; U. S. v. Carll, 105 U. S. 611. Nothing is charged beyond a conspiracy to forge and counterfeit. If there were, a count for uttering the acts might be sufficient for that, but could not be for the purposes here sought.

The indictment is also insufficient in that it does not allege that Flanders was an assistant treasurer of the United States. U. S. v. Reichert, 32 Fed. Rep. 142.

*J. C. Murphy, U. S. District Attorney,* and *E. G. Smith,* for defendant in error.

Carpenter, with others, was indicted under section 5440, U. S. R. S. The object of the conspiracy was the forgery of a " certificate of deposit," with intent to defraud. Two acts to effect the

object are alleged; the forging of the assignment of the certificate and the attaching it to the certificate.

The authority for making these deposits are found in section 2401.   See, also, §§ 2402, 2403.

Section 5413 defines an obligation or security of the United States.

Two classes of conspiracies are included in section 5440 : 1. To commit any offense against the United States.   2. To defraud the United States in any manner, or for any purpose.   The indictment relates to the first, and in its statement of facts is sufficient. U. S. v. Donau, 11 Blatchf. 170 ; 2 Whart. Prec. 6, 607 ; State v. Sterling, 34 Ia. 443 ; Horton v. State, 66 Ga. 690 ; Com. v. Eastman, 1 Cush. 190, 48 Am. Dec. 608 ; People v. Clark, 10 Mich. 310 ; Hartman v. Com., 5 Pa. St. 60 ; State v. Noyes, 25 Vt. 418 ; Arch. Cr. P. (5th ed.) 262, 437, 458, 485 ; 2 Bish. Cr. Pro. 22, 204.   The means used to defraud need not be set out. United States v. Gordon, 22 Fed. Rep. 250.

The crime consists in the unlawful combination and the intent. The other matters required to be set out, in addition to some "act tending to effect the object," are such circumstances as will enable the defendant to understand what he is charged with doing. Whart. Cr. L. (8th ed.) 728.   Here there is a copy of the forged instrument.   This is sufficient.   2 Bish. Cr. Pro. 414 ; Com. v. Castles, 9 Gray, 120 ; Croswell v. People, 12 Mich. 427 ; U. S. v. Trout, 4 Biss. 107 ; U. S. v. Williams, id. 305 ; § 5413, R. S.

The certificate is within section 5413.   This section is not a copy of the section referred to.

As a matter of pleading, we think it is not necessary that the acts should appear on the face of the indictment to be such as would " tend to effect the object of the conspiracy."   U. S. v. Donau, *supra ;* U. S. v. Sauche, 7 Fed. Rep. 715.   On this point counsel's citations are explained in being cases where legal conclusions were alleged, or cases where the issue was not upon the indictment.   Here the acts were not only such as might tend to effect the object, but were necessary to accomplish it, viz. : to sell the certificate.   An indorsement of a forged bill may be given in evidence, although not alleged in the indictment.   U. S. v. Peacock, 1 Cr. C. C. 215.

It is sufficient that the certificate purports to be signed by an assistant treasurer. See above authorities. . This is well settled.

By the COURT :

The judgment in this case is reversed, and the court below is directed to dismiss the indictment. All concur except TRIPP, C. J., TEMPLETON and AIKENS, JJ., not sitting.